UNIT1111ED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-24970-CIV-O'SULLIVAN

[CONSENT]

PALMETTO COMMUNITY COVENANT CHURCH,
    Plaintiff,
v.

PENN-AMERICA INSURANCE COMPANY,

    Defendant.
                                                      /

## ORDER

THIS MATTER is before the Court pursuant to the Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law in Support Thereof (DE #51, 6/15/17). Having reviewed the defendant's motion, the plaintiff's response and the defendant's reply as well as the evidence in the record and the law, it is

ORDERED AND ADJUDGED that the Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law in Support Thereof (DE #51, 6/15/17) is DENIED because disputed material issues of fact exist as to whether the March 17, 2016 backup was caused by a damaged plumbing system or by improper installation which determines whether coverage exists under the policy.

    I.    STANDARD OF REVIEW

The Court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(c), which states, in relevant part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). That is, "[t]he moving party bears 'the initial responsibility of informing the . . . [C]ourt of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" U.S. v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323). In assessing whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Id. If the record presents factual issues, the Court must deny the motion and proceed to trial. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Despite these presumptions in favor of the non-moving party, the Court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the Court occasioned by an unnecessary trial. Celotex, 477 U.S. at 322-23. Consequently, the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court noted in Celotex:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to

> establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id. at 322-323. Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

## II. DISCUSSION

The defendant seeks summary judgment on the ground that none of the three categories of damages claimed by the plaintiff are covered under the subject insurance policy. The plaintiff had identified three categories of damages relating to the March 17, 2016 backup for which it was seeking insurance proceeds under the subject policy: 1) costs to tear out and replace part of the property to access the drain line at issue; 2) damage to personal property; and 3) costs to replace undamaged building components so that they aesthetically "match" damaged portions that require replacement. Motion at 3-4 (DE# 51, 6/15/17). In its response, the plaintiff concedes that "the only damages being sought ... are the 'costs to assess the underground drain pipe at issue in this action, including the cost to repair any damage to the structure to assess the pipe.'" Response at 10 (DE# 64, 7/7/17). The plaintiff is making "no claim for personal property or for 'matching.'" Id.

In the present case, the defendant "does not dispute that water backed up from the drain line causing damage to the interior of the Property." Motion at 7 (DE# 51, 6/15/17). The defendant argues that "the drain line in this case has not sustained

3

damage that caused the water to escape from the plumbing system" and that "the interior damage to the Property was not caused by 'covered water'" under the subject insurance policy. Id. The defendant contends that "it is undisputed that there is no damage causing water to escape from the plumbing system that requires repair." Reply at 7 (DE# 69, 7/21/17).

Relying on its expert, Rene I. Basulto, PE, MSEM, a mechanical engineer, the defendant contends that "the backup was caused by a blockage of accumulated solids in a section of the drain line that was not adequately sloped." Motion at 7-8 (DE# 51, 6/15/17)(citing Basulto Affidavit at ¶ 15). According to Mr. Basulto, the lack of slope was due to defective installation of the drain line. Id. at 8; Basulto Affidavit at ¶ 15.

The plaintiff relies on the deposition testimony of its plumber, Cletus Ming, and its pastor, Egbert Carey. The plaintiff argues that the backup was caused by damage to the drain line pipes and that the failure of the drain lines to have adequate slope was caused by damage to the drain line, not defective installation. Response at 2 (DE# 64, 7/7/17). Mr. Ming described the pipe as containing holes, tearing apart (i.e. having sharp edges inside), collapse, channel rot (i.e. the pipe is bottomless), ribbing and scaling. See Response at 3-4 (citing excerpts of Mr. Ming's deposition testimony) (DE# 64, 7/7/17). Additionally, Pastor Carey testified that there were additional backups after the March 17, 2016 backup and that the plaintiff was waiting on insurance proceeds to undertake repairs due to the expense. See Response at 6-7 (citing excerpts of Pastor Carey's deposition testimony) (DE# 64, 7/7/17).

Because the undersigned finds that disputed material issues of fact exist as to whether the March 17, 2016 backup was caused by a damaged plumbing system or by

4

improper installation, summary judgment on the issue of whether coverage exists under the policy is not appropriate. Accordingly, the Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law in Support Thereof (DE #51, 6/15/17) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 9th day of August, 2017.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record